Reuben Benjamin SIMPSON, Petitioner,

v.

C. William PORTER, Sheriff, Cleveland
County, Respondent.

No. A–16941.

Court of Criminal Appeals of Oklahoma.

Oct. 6, 1971.

Lucas & Fields, Norman, for petitioner.

William E. Boswell, Asst. Dist. Atty.,
for respondent.

## MEMORANDUM OPINION

BRETT, Judge:

This is an original proceeding in habeas
corpus in which petitioner seeks to be ad-
mitted to bail pending appeal from the
judgment of the District Court of Cleve-
land County denying Post Conviction Re-
lief.

It appears petitioner entered a plea of
guilty to the charge of first degree man-
slaughter in the District Court of Cleve-
land County on May 10, 1971, and was sen-
tenced to a term of ten (10) to thirty (30)
years imprisonment. Subsequently, peti-
tioner filed an application for Post Convic-
tion Relief, Cleveland County Case No.
CRF–71–141, in the District Court under
22 O.S.1971, Section 1080. A hearing
thereon was conducted on July 21, 1971
and September 15, 1971, before Judge El-
vin J. Brown who denied relief. Petitioner
gave notice of appeal from said judgment
and his request for bail pending appeal was
denied.

Title 22 O.S.1971, Section 1087, provides
for appeal from a District Court Judgment
in a Post Conviction proceeding and states
in part:

"Upon motion of either party on filing
of notice of intent to appeal, within ten
(10) days of entering the judgment, *the
district court may stay the execution of
the judgment pending disposition on ap-
peal*; provided, the Court of Criminal
Appeals may direct the vacation of the
order staying the execution prior to final
disposition of the appeal." (Emphasis
added).

We are of the opinion that this
section vests discretion in the District
Court to allow bail pending an appeal from

judgment in a post conviction proceeding. The question of bail is addressed to the District Court. If bail is denied and an application for bail is made to this Court, the burden is on the Petitioner to show the District Court abused its discretion. Generally when bail is denied below this Court will not allow bail absent a clear showing of compelling factors to do otherwise. Court Rule 4.2, subd. E.

As to the facts in this case, we find Petitioner has not shown an abuse of discretion by the District Court in denying bail pending the appeal. Accordingly, we rely upon our Rule 4.2, subd. E and denying the application of Petitioner to be admitted to bail. Writ denied.

BUSSEY, P. J., concurs.

NIX, J., not participating.